UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HUNG NAM TRAN,

    Petitioner,

 v.              Case No. 11-C-0016

DEBRA McCULLOCH,

    Respondent.

**ORDER**

On January 5, 2011, Hung Nam Tran filed this petition pursuant to 28 U.S.C. § 2241, asserting that he is being held in custody in violation of the Constitution. He has paid the statutory $5.00 initial filing fee.

In 1992, petitioner Hung Nam Tran was convicted of first-degree sexual assault of a child in state court in Wisconsin. In 2004, shortly before he was to be released, the State of Wisconsin filed a petition pursuant to Wis. Stat. Ch. 980 to have him civilly committed as a sexually violent person. Several years ago Petitioner filed a habeas petition in this District alleging, under § 2241, that Ch. 980 is unconstitutional. On June 7, 2006 District Court Judge Lynn Adelman dismissed the petition on the ground that petitioner had not yet given the state courts the opportunity to consider his challenge. *Tran v. Bartow,* 2006 WL 1589657 (E.D. Wis.). Petitioner appealed. On December 21, 2006, the Seventh Circuit affirmed in an unpublished decision. *Tran v. Bartow,* 210 Fed. Appx. 538, 2006 WL 3804389 (7th Cir. 2006).

Now petitioner has filed another petition under § 2241 rasing some of the same claims he raised previously and several new claims. Several threshold issues require discussion. First, petitioner is no longer a pre-trial detainee so the present petition for habeas relief is not properly brought pursuant to 28 U.S.C. § 2241. However this Court will interpret this habeas petition as if it were brought under 28 U.S.C. § 2254 because petitioner is being held by the State of Wisconsin. Second generally a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 18 U.S.C. § 2244(b)(1). However a federal habeas petition filed after dismissal of an initial filing for nonexhaustion should not be deemed a "second or successive petition." *Slack v. McDaniels,* 529 U.S. 473, 487 (2000).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, applicable to the present petition under Rule 1(b), I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims. Petitioner was convicted in 1992 of first-degree sexual assault of a child under the age of thirteen in violation of Wis. Stat. § 948.02(1), and sentenced to the maximum term of twenty years. According to petitioner, on November 18, 2004, prison authorities authorized petitioner's release from prison and subsequently ordered petitioner to be held in custody pursuant to Wisconsin civil commitment statutes.

Since the Seventh Circuit affirmed the dismissal of his earlier action, several new developments have occurred. On May 7, 2007 a civil commitment trial was held in Racine County and petitioner was subsequently committed. On August 19, 2008 petitioner filed a petition for discharge from custody in state court. On March 25, 2010 petitioner filed a consolidated appeal– involving both his original commitment and his post-commitment motion – in the Wisconsin Court of Appeals. On July 28, 2010 petitioner filed a motion to bypass the Wisconsin Court of Appeals and proceed to the Wisconsin Supreme Court. Apparently the Wisconsin Supreme Court has yet to rule on any of petitioner's issues. Petitioner remains in the custody of the state.

Section 980 of the Wisconsin Statutes sets forth the procedures for a commitment of a person adjudged to demonstrate sufficient propensity to commit a sexual crime upon release. Wis. Stat. § 980.02 (2005). Under the statute, the warden of a prisoner potentially qualifying under the statute must notify the state within a specified time of that person's release. If the state believes that the person qualifies for civil commitment, it files a petition for commitment in state court. The court must hold a probable cause hearing within seventy two hours of the state's filing of a petition for civil commitment. If the court finds probable cause, it must order defendant to an appropriate facility to determine whether the individual is a sexually violent person. Forty-five days following the probable cause hearing, the statute provides for a trial, in which "[a]ll constitutional rights available to a defendant in a criminal proceeding are available to the person." *Id*. § 980.05(1m). The state must prove the allegations against defendant "beyond a reasonable doubt." *Id*. § 980.05(2). In addition, the defendant has the right to a trial by jury. In the case of commitment, the state must periodically reexamine defendant's mental condition within six months of the initial commitment, and every twelve months thereafter.

3

Petitioner challenges the constitutional legitimacy of his confinement under section 980. He alleges that he does not meet the threshold criteria for civil commitment. He challenges constitutionality of the statute itself by alleging due process violations such as inadequate notice, insufficient investigation, lack of a speedy trial, and the inability to present his own evidence. Petitioner claims that he has been denied the right to a speedy trial and that the final adjudication of his case has been on hold since 2004. Petitioner claims the Wisconsin Supreme Court has not decided any of his pending matters. He states that "the Wisconsin Supreme Court . . . has refused to entertain the motion to Bypass and more than six months has passed" and that he has "written to Chief Justice Abrahamson and the Clerk for an explanation but none has been forthcoming." (Petition at 2.)

Indeed Petitioner does still have several unexhausted claims pending before the Wisconsin appellate courts. A search on the computerized Wisconsin Supreme Court and Court of Appeals Case Access Program ("CCAP") shows that Petitioner has at least three consolidated cases pending before the Wisconsin Court of Appeals, Division 2. These include appeals of his original commitment and an appeal of his post-commitment motion. The Court of Appeals consolidated the cases less than a month ago on February 28, 2011 and CCAP currently shows the status of those cases as "Awaiting Decision/Opinion". (CCAP available at http://www.wiscca.wicourts.gov, last accessed March 21, 2011.)

Petitioner claims that he has "no alternative" but to file a federal habeas action because, according to him, "no final adjudications are insight [sic] despite numerous pending proceedings in state courts." (Petition at 2.) Certainly there is some limit on how long state courts have to decide an issue before a prisoner can seek habeas relief without fear of dismissal for failure to exhaust.

4

Otherwise state courts, by simply not deciding issues, could prevent claims from ever being exhausted. *See IDS Life Ins. Co. v. SunAmerica, Inc.,* 103 F.3d 524, 526-27 (7th Cir.1996) ("Maybe a showing of delay at once inordinate and unjustified, ... – the kind of thing that would excuse. . .an applicant for federal habeas corpus from having to exhaust his state remedies, ... – is also enough. Otherwise the lower court or agency would have the judicial or administrative equivalent of a pocket veto.") If, the state without fault on the part of the prisoner simply will not issue a final judgment the prisoner can seek habeas corpus without fear of being bared for failure to exhaust. *See Phillips v. Vasquez,* 56 F.3d 1030 (9th Cir. 1995) (in that case ten years had elapsed since the prisoner's conviction had been affirmed but his sentence vacated, and he had not yet been re-sentenced). Here however Petitioner's various appeals appear to be working their way through the Wisconsin appellate courts and the delay is not inordinate or unjustified such that Petitioner should be allowed to proceed with a federal habeas action without first exhausting.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state

courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

**THEREFORE, IT IS ORDERED** that petitioner's petition for a writ of habeas corpus is **dismissed** without prejudice.

Dated this   22nd   day of March, 2011.

                                                      s/ William C. Griesbach
                                                     William C. Griesbach
                                                     United States District Judge